■ In the Matter of MICHAEL L. ZINNA et al., Appellants. RENSSELAER COUNTY GRAND JURY et al., Respondents.—Appeal from a judgment of the County Court of the County of Rensselaer, entered February 14, 1977, which denied petitioners' application for permission to inspect Grand Jury minutes. Petitioner Zinna, chief financial officer of corporate petitioner Stafco, swore to accusatory instruments charging Kitrick A. Bailey with the commission of certain crimes. Thereafter, Bailey executed a waiver of immunity and testified before a Grand Jury which returned a no bill of indictment on all charges. Bailey commenced an action in Supreme Court against petitioners for malicious prosecution. Petitioners instituted a special proceeding to secure an inspection of the Grand Jury minutes and particularly the

testimony of Bailey (Judiciary Law, § 325; cf. CPL 190.25). The application was denied with leave to renew at the time of trial if petitioners were so advised in order to use the minutes for impeachment purposes. The sole issue is whether a defendant in a civil suit should be permitted to inspect Grand Jury minutes as a discovery device to enable him to prepare his defense to complaint allegations made by a plaintiff who testified before the Grand Jury. Since the secrecy of Grand Jury minutes is not absolute, their disclosure must rest in the discretion of the Trial Judge. In exercising that discretion the court must balance the public interest in disclosure against that in secrecy (*People v Di Napoli,* 27 NY2d 229). In our view the County Court properly weighed these competing interests and its conclusion that the public's interest in secrecy is weightier than in disclosure, cannot be disturbed. The historical and salutary policy that Grand Jury minutes should be kept secret, unless there is a compelling public interest in disclosure, should not lightly be put aside, particularly, as here, when other discovery devices are available to petitioner (CPLR art 31). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.